Filed 10/16/14  Coastal Environmental Rights Foundation v. City of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| COASTAL ENVIROMENTAL RIGHTS FOUNDATION, INC.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CITY OF SAN DIEGO,<br><br>    Defendant and Appellant;<br><br>LA JOLLA COMMUNITY FIREWORKS FOUNDATION, INC.,<br><br>    Real Party in Interest and Appellant. | D060230<br><br><br><br>(Super. Ct. Nos. 37-2010-00095062-CU-TT-CTL, 37-2011-00102639-CT-TT-CTL, 37-2011-00092008-CU-TT-CTL) |
| COASTAL ENVIROMENTAL RIGHTS FOUNDATION, INC.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CITY OF SAN DIEGO,<br><br>    Defendant and Appellant. | D062634, D062636 |

CONSOLIDATED APPEALS from judgments of the Superior Court of San Diego County, William S. Dato and Linda B. Quinn, Judges.  Reversed and remanded with directions.

Jan I. Goldsmith, City Attorney, Donald R. Worley, Assistant City Attorney, Glenn Spitzer, Deputy City Attorney; Latham & Watkins, Robert M. Howard, Christopher W. Garrett, Jeffrey P. Carlin, Lauren B. Ross and John W. Everett for Defendant and Appellant and Real Party in Interest and Appellant.

Coast Law Group, Marco A. Gonzalez and Livia Borak for Plaintiff and Respondent.

In these three consolidated cases, plaintiff and respondent Coastal Environmental Rights Foundation, Inc. (CERF) alleged that (1) defendant and appellant the City of San Diego (the City) violated the California Environmental Quality Act (CEQA) by permitting the 2010 La Jolla Cove Fireworks Show without first performing an environmental review (No. DO60230, case No. 37-2010-00095062-CU-TT-CTL); (2) the City violated the CEQA in May 2011 when it made related amendments to the San Diego Municipal Code (No. D062636, case No. 37-2011-00092008-CU-TT-CTL); and (3) the City violated the CEQA in November 2011 when it further amended the San Diego Municipal Code (No. D062634, case No. 37-2011-00102639-CT-TT-CTL). In all three cases, the trial courts ruled in favor of CERF and the City appealed. In case No. 37-2010-00095062-CU-TT-CTL, real party in interest La Jolla Community Fireworks Foundation, Inc. (LJCFF) also appealed. CERF, the City and LJCFF (the parties) have filed a joint application and stipulation to vacate judgments and remand actions to the superior court for dismissal with prejudice.[1] We grant the application.

---

[1]    There are four pending requests for judicial notice. First, the City and LJCFF request judicial notice of documents relating to ordinance amendments, permits and a

2

"An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (Code Civ. Proc., § 128, subd. (a)(8).)

Our independent review of the record leads us to conclude the requirements of Code of Civil Procedure section 128, subdivision (a)(8) have been satisfied. The parties' settlement agreement was approved in a noticed, public city council hearing, with no objection to the approval. The agreement provides for the City's "environmental review pursuant to CEQA for special event and discretionary park use permits on a project-by-project basis"; environmental mitigation measures by LJCFF; vacation of the judgments and dismissal of the three cases and a related trial court case (case No. 37-2010-00102574-CU-TT-CTL); and the City's payment to CERF of $250,000 as attorneys' fees

_____

2011 fireworks display. This request for judicial notice is unopposed. Second, CERF requests judicial notice of documents relating to a temporary restraining order, permits, stipulation to stay trial court proceedings and portions of an administrative record. The City and LJCFF oppose portions of this request for judicial notice. Third, the City and LJCFF request judicial notice of documents relating to an ordinance amendment, a stipulation to stay trial court proceedings and an e-mail communication. CERF partially opposes this request for judicial notice. Fourth, the City requests judicial notice of an ordinance. This request for judicial notice is unopposed. We grant the two unopposed requests for judicial notice and the unopposed portions of the partially opposed request for judicial notice. We deny the remainder of the partially opposed request for judicial notice and deny in its entirety the opposed request for judicial notice. The matters as to which we deny judicial notice are not necessary to our evaluation of the joint application and stipulation to vacate judgments.

3

and costs.  Settlement was a time-consuming and complicated process, and the parties' reasons for entering into the agreement were to avoid "the unnecessary exhaustion of resources" and continued litigation and to obtain an outcome satisfactory to the parties and the public.  According to the stipulation, the City's previous practice was to issue special use permits without environmental review, even though such permits typically require discretionary approval.  The amendments to the San Diego Municipal Code will stand; those amendments clarify park use permitting procedures and allow a majority of park use permits to be issued on a ministerial basis and over the counter, provided certain requirements are met.  The settlement agreement affords certainty, provides for environmental review and mitigation measures and preserves the resources of the parties and the judicial system.

## DISPOSITION

The judgments are reversed.  The cases are remanded to the superior court so that it may enter dismissals with prejudice in each case.  Each party shall bear its own costs on appeal.  The remittitur is to issue forthwith.


NARES, J.

WE CONCUR:


HUFFMAN, Acting P. J.


AARON, J.

4